

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ESTATE OF GREGORY JONES, by VANILLA JONES SIMMONS as Special Administrator, and ANJANINE WITCHER on behalf of DATONDRA MITCHELL, her minor child, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CHICAGO, POLICE OFFICERS MARK DELBOCCIO and ROBERT JACKSON, *et al.* <br><br> Defendants. | No. 04 C 3742 <br><br> The Honorable William J. Hibbler |

## MEMORANDUM OPINION AND ORDER

On September 2, 2008 this Court granted Defendants' motion for summary judgment regarding Plaintiffs' federal claims. Additionally, the Court declined to exercise supplemental jurisdiction over Plaintiffs' state law claims and dismissed them without prejudice. Defendants request costs pursuant Federal Rule of Civil Procedure 54(d). Plaintiffs do not contest the amount requested in Defendants' Bill of Costs, but do contest whether the Court should allow costs. For the reasons set forth below, the Court allows Defendants the total amount of $26,064.90, but stays execution of this order until resolution of Plaintiffs' state law claims, at which time the parties may move this Court for a reconsideration of the award or to lift the stay.

Plaintiffs make two arguments for why they should not have to pay Defendants' costs. First, they argue that Defendants are not the "prevailing party" under Federal Rule of Civil Procedure 54(d). Second, Plaintiffs argue that they are indigent, and that the Court should thus use its discretion to exempt Plaintiffs from payment. In the alternative, they argue that the Court

1

should stay adjudication of the Bill of Costs in light of their present indigence and the claims pending in state court.

Under Rule 54(d), costs are allowed to the "the prevailing party." Fed. R. Civ. P. 54(d)(1). The prevailing party is the party "who prevails as to the **substantial** part of the litigation." *Testa v. Village of Mundelein*, 89 F.3d 443, 447 (7th Cir. 1996) (emphasis in original) (citing *First Commodity Traders, Inc. v. Heinhold Commodities, Inc.*, 766 F.2d 1007, 1015 (7th Cir. 1985)). Plaintiffs argue that because Defendants have prevailed only on the federal claims in this case, and because those claims are so related to the pending state law claims, Defendants are not a prevailing party. Case law in this Circuit does not support Plaintiffs' argument.

Plaintiffs rely on two cases which stand for the proposition that the Court retains wide discretion in awarding costs under Rule 54, including the discretion to apportion costs between parties based on the degree to which each prevailed. *First Commodity Traders*, 766 F.2d at 1015 (upholding a district court's decision to award costs in proportion to the number of claims on which the party prevailed); *Testa*, 89 F.3d at 447 (upholding a district court's decision to order each side to bear its own costs where each party prevailed on one count). This discretion, however, has limits. The Seventh Circuit Court of Appeals ruled in *Ogborn v. United Food & Commercial Workers Union*, 305 F.3d 763, 770 (7th Cir. 2002), that a party that prevails on all of its federal claims is the prevailing party for purposes of Rule 54(d) when the court declines to exercise supplemental jurisdiction over all remaining state law claims and dismisses them without prejudice. Such an express declaration by the appellate court limits this Court's discretion, and Plaintiffs' first argument is therefore untenable.

Plaintiffs next argue that because they are indigent, the Court should exercise its discretion to exempt them from payment of Defendants' costs. The Court has discretion to do

just that if Plaintiffs are indeed indigent. *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). Both Plaintiffs have filed declarations with the Court explaining their financial circumstances. Anjanine Witcher,[1] the mother of Datondra Mitchell, states in her declaration that her household income is approximately $1,120 per month, and consists solely of SSI benefits and state assistance. Ms. Witcher lives with her six-year old daughter and Datondra, each of whom have no assets. Vanilla Jones Simmons, Special Administrator for the Estate of Gregory Jones, has a household income of about $2,970 per month. Ms. Jones Simmons's husband earns $8.75 per hour at his job, where he works about 30 hours per week. In addition, the family receives $643 per month in SSI benefits for Ms. Jones Simmons, who is disabled, and $1200 per month in state assistance. Together Ms. Jones Simmons and her husband support three children. They have a 2002 Chevy Impala, but no other assets. They pay $850 per month in rent, leaving them with $2,120 per month before taxes to cover the remaining costs for three children and two adults, including one who is disabled.[2]

Defendants argue first that Plaintiffs have not met their burden of showing that they are unable to pay costs. *See Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006) (holding that the burden is on the losing party to provide sufficient proof to support a finding of indigence). They argue that *Rivera* requires the non-prevailing party to provide a "schedule of expenses" in order to prove indigence. The court in *Rivera* does state that the documentation offered to prove indigence "should include evidence in the form of an affidavit or other

---

[1] Ms. Witcher changed her name from Anjanine Williams.

[2] Defendants are correct to note that an income of $2,970 per month puts the Jones Simmons family above nationwide poverty guidelines. *See* Annual Update of the HHS Poverty Guidelines, 74 Fed. Reg. 4,199, 4,200 (Jan. 23, 2009) (listing the poverty guideline for a family of five at $25,790 annually, or about $2,149 monthly). However, not only do these guidelines fail to take into account the local cost of living, but they certainly do not place limits on this Court's wide discretion in determining indigence.

documentary evidence of both income and assets, as well as a schedule of expenses." *Id.* The *Rivera* court explained that requiring documentation would "ensure that district courts have clear proof of the non-prevailing party's dire financial circumstances" and "limit any incentive for litigants of modest means to portray themselves as indigent." *Id.* This Court acknowledges the importance of both of those goals, but finds that the facts in this case differ so substantially from *Rivera* that a schedule of expenses is not necessary.

In *Rivera*, the non-prevailing party had limited income and assets. *Id.* at 636-37. She testified, however, that she lived in a building owned by her mother, and that she did not support one of her four children who lived with his father. *Id.* at 637. She was employed full-time and had no medical problems. *Id.* Additionally, she had a $175,000 judgment she had yet to collect. *Id.* The court in *Rivera* had reason to worry that a litigant of modest means might be portraying herself as indigent, and properly warned future litigants what documentation they "should" provide. *Id.* at 635. But while *Rivera* emphasizes that the burden is on the non-prevailing to prove indigence, the case does not hold that a party *must* provide a schedule of expenses in all cases before a district court, exercising discretion, can ever find that party indigent. Plaintiffs' declarations are sufficient to convince this Court that they are both of extremely limited means and presently unable to pay Defendants' costs. Thus, the Court will not hold them to a strict requirement of providing a schedule of expenses.

The Courts' inquiry into Plaintiffs' indigence does not end there, however. One of the factors courts must consider in determining whether a party is indigent is whether they will be able to afford payment in the future. *Id.* at 636. Defendants argue that because Plaintiffs still have state claims pending, and because Plaintiffs express such high hopes that they will prevail on those claims, they cannot claim indigence. Plaintiffs pending state claims are obviously not

4

analogous to the $175,000 judgment that the party in *Rivera* had already obtained, *id.* at 637, because any recovery is far less certain. However, the outstanding claims do weigh against a finding of indigence. This Court finds that Plaintiffs are presently unable to pay costs in this case, but given the likelihood that Plaintiffs will be able to pay Defendants' costs in the relatively near future, this Court cannot find them indigent at this time.

Plaintiffs request that if the Court does not find them indigent, adjudication of the Bill of Costs be stayed. Plaintiffs rely in part on *Denson v. Ne. Ill. Reg'l Commuter R.R. Corp.*, No. 00 C 2984, 2003 WL 21506946, *2 (N.D. Ill. June 27, 2003), where the court awarded costs to the defendant, but stayed execution of the judgment on such costs pending a change in the plaintiff's financial circumstances. The *Denson* court stayed judgment because while the plaintiff was indigent at the time, it was "possible, if not likely, that [the] plaintiff [would] again be gainfully employed in the future." *Id.*

Defendants protest any stay on their Bill of Costs, arguing that such a stay runs afoul of Seventh Circuit precedent. They assert that the Court of Appeals precluded any delay in ruling on a Bill of Costs pending the resolution of claims in state court in *Mother & Father*, 338 F.3d at 712. *Mother & Father* addressed a Bill of Costs in a case where the plaintiffs voluntarily dismissed their federal claims with prejudice and intended to refile their state law claims in state court. *Id.* at 707. The district court ruled that "Rule 54 costs would travel to the state court" and that the state court would ultimately assess all of the costs to be awarded in both cases. *Id.* Defendants are correct that the appellate court in *Mother & Father* held that the prevailing party was "entitled to an immediate determination of costs for the case it has now won." *Id.* at 712. However, Defendants are wrong to assert that *Mother & Father* addresses the very issue presented by this case. Plaintiffs do not request that this court defer to the state court for a

determination of costs under Rule 54. While *Mother & Father* does require this Court to make an immediate determination of costs, *id.* at 712, it says nothing about whether Plaintiffs must pay immediately. In that case, the issue of indigence had not yet been addressed, and the court left that issue up to the district court on remand. *Id.* at 710.

In sum, Seventh Circuit precedent constrains the Court's ability to find Plaintiffs indigent, despite their current dire financial circumstances. However, Plaintiffs' future ability to pay is largely contingent on their success in obtaining a judgment in a state lawsuit. At the resolution of that suit, this Court will be better poised to evaluate Plaintiffs' ability to pay. Fortunately, that lawsuit must come to an end at some point. Thus, unlike in *Denson*, any stay granted in this case will not have the potential of remaining in effect infinitely. Given Plaintiffs' present inability to pay, the uncertain nature of Plaintiffs' future financial circumstances, and the fact that a resolution of the state case is inevitable, the Court believes that a stay is the most just result in this case. The Court may not grant a "stay of adjudication" as requested by the Plaintiffs because *Mother & Father* does require the Court to make an immediate determination regarding costs. *Id.* at 712. Instead, like the court in *Denson*, the Court will allow costs to Defendant, but stay execution of this order until the resolution of Plaintiffs' state claims.[3] At that time, Defendants may move this Court to lift the stay if Plaintiffs' financial circumstances have changed significantly, placing them in a position where they are able to pay costs. Alternatively, if their finances have not improved, Plaintiffs may at the resolution of the state suit move this Court to reconsider its award of costs based on a finding of indigence.

---

[3] The Court makes this distinction because Defendants focus somewhat on the Plaintiffs' purported misuse of the term "stay of adjudication." Given Plaintiffs' reliance on *Denson*, however, it seems that they may have in fact been describing precisely the sort of stay granted by the Court in this case.

The Court ALLOWS $26,064.90 in costs to Defendants, to be paid by Plaintiffs. The Court stays this order pending resolution of the Plaintiffs' related claims in state court.

IT IS SO ORDERED.

_5/11/09_
Dated

_Wm. J. Hibbler_
Hon. William J. Hibbler
United States District Court